*232 OPINION OF THE COURT
Renee R. Roth, S.
The issue raised by this motion is the standing of the children of an "absentee” distributee to contest probate under SCPA 1410.
Decedent Lydia Reeves died on September 14, 1985 survived, as her distributees, by a sister Alice Kerwin and nine nieces and nephews (children of two predeceased sisters and a brother). Under the propounded instrument dated January 11, 1973, Mrs. Reeves disposed of her very substantial estate to friends and a few of her relatives.
Among the disinherited distributees is a nephew Richard D. Morency who would be entitled to a one-twelfth share in intestacy. However, Richard D. Morency is missing and has apparently been so for a long period of time. A guardian ad litem has been appointed to represent him. If he were alive, he would indeed be "adversely affected” by the admission of the will to probate and entitled to file objections under SCPA 1410.
The absentee’s three children, Kathy Bradke, Richard Morency, Jr., and Cynthia Langpaap, have appeared in the probate proceeding for the ostensible purpose of filing objections. The nominated executors have moved to strike their appearance on the ground that they have no standing to contest probate.
If their absentee father is alive, he alone as a distributee would be entitled to contest probate. On the other hand, if he is dead and predeceased testatrix, then his three children are distributees and as such would have the required standing as "persons adversely affected” to contest probate.
On this motion, the court is not concerned with the prospects of the success of such a contest. The simple issue is whether, in the total absence of any proof before the court as to whether their father is living or dead, these children should be afforded standing to file objections to probate. This question has not been decided before.
It is clear that the absentee’s children are not distributees under EPTL 4-1.1 and consequently do not have the requisite standing under SCPA 1410 to file objections to probate. The court however concludes that they are entitled to an opportunity to establish that their father is in fact dead. Under EPTL *233 2-1.7 they may commence a proceeding to determine the fact of the death of the absentee as well as the date of his death. If the children can establish that their father predeceased testatrix, then the children are distributees with standing to contest probate.
Another alternative is to commence a proceeding under SCPA 901 (2) for the appointment of a temporary administrator for the estate of the absentee. Under such a proceeding, a number of years may elapse before the fact and date of death of the absentee can be determined (SCPA 911).
It is observed, however, that under SCPA 905 (1), a temporary administrator of an absentee "may maintain any action or proceeding for the purpose of taking into his possession, securing and preserving all property of * * * [an] absentee”. There does not appear to be any doubt that the quoted provision authorizes a temporary administrator to bring a proceeding to compel a fiduciary to turn over the intestate share of the absentee distributee. Although no court seems to have so held, it would follow that the same provision authorizes the temporary administrator to contest probate on behalf of his absentee distributee. Any recovery, however, would, of course, inure to the benefit of the absentee’s estate.
Based upon the foregoing, the absentee’s children, to protect their putative standing, if they are so inclined, may commence a proceeding under EPTL 2-1.7 or SCPA 901 (2) within 20 days from the service of a copy of the order to be signed herein with notice of entry. Said order shall provide that if neither of such proceedings is commenced within the required time, the motion to strike the children’s appearance is granted. Since decedent’s sister, who has filed objections, is represented by the same attorney who appeared for the absentee’s children, preparation for trial need not be suspended.
Finally, proponents request that if it is determined that the children have standing to contest probate, they be required to furnish security (SCPA 2303). It appears that two of the absentee’s children are nondomiciliaries; neither they nor the absentee receives any benefit under the propounded instrument and nothing has been submitted to establish that their objections have merit (Matter of Salomon, 28 Misc 2d 634). The court accordingly will require security for costs in the sum of $2,000.